UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| FRITZ BLANCHARD, | ) |
| | ) |
| Petitioner, | ) |
| | ) 2:14-cr-00009-NT |
| v. | ) 2:18-cv-00399-NT |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent | ) |

# ORDER ON PETITION FOR POST-CONVICITON RELIEF

Petitioner Fritz Blanchard has filed a "Petition for a Writ of Error Coram Nobis," which is properly characterized as a motion pursuant to 28 U.S.C § 2255, to vacate, set aside or correct his sentence (Motion, ECF No. 158).

Following a jury trial, Petitioner was convicted of aiding and abetting the interstate transportation of victims for prostitution. *See* 18 U.S.C. §§ 2, 18, 2421; *United States v. Blanchard*, 867 F.3d 1, 3 (1st Cir. 2017). The Court sentenced Petitioner to a prison term of 46 months, to be followed by a term of three years of supervised release. (Judgment, ECF No. 134 at 1-3.)

## DISCUSSION

Because Petitioner seeks relief from his sentence, his motion, in substance, is a motion to vacate, set aside or correct his sentence, pursuant to 28 U.S.C. § 2255.[1]

---

[1] Title 28 U.S.C. § 2255(a) states:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the

In *Castro v. United States*, 540 U.S. 375 (2003), the Supreme Court discussed the process by which a court may construe a request for relief as a section 2255 motion:

> Under a longstanding practice, a court sometimes treats as a request for habeas relief under 28 U.S.C. § 2255 a motion that a *pro se* federal prisoner has labeled differently. Such recharacterization can have serious consequences for the prisoner, for it subjects any subsequent motion under § 2255 to the restrictive conditions that federal law imposes upon a "second or successive" (but not upon a first) federal habeas motion. § 2255, ¶ 8. In light of these consequences, we hold that the court cannot so recharacterize a *pro se* litigant's motion as the litigant's first § 2255 motion *unless* the court informs the litigant of its intent to recharacterize, warns the litigant that the recharacterization will subject subsequent § 2255 motions to the law's "second or successive" restrictions, and provides the litigant with an opportunity to withdraw, or to amend, the filing. Where these things are not done, a recharacterized motion will not count as a § 2255 motion for purposes of applying § 2255's "second or successive" provision.

540 U.S. at 377.[2] The Supreme Court also explained that the reason for permitting a petitioner to amend the motion is "so that it contains all the § 2255 claims he believes he has." *Id.* at 383.

---

Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Petitioner may have completed his prison term, but provided he was serving the supervised release portion of the sentence on the date he filed the motion (ECF No. 158), he was "in custody" on that date, for purposes of section 2255. *See Francis v. Maloney*, 798 F.3d 33, 37 (1st Cir. 2015) (noting that "an individual serving a supervised release term satisfies the 'in custody' requirement (or at least we have said as much for § 2255 purposes)") (citing *Jackson v. Coalter*, 337 F.3d 74, 78-79 (1st Cir. 2003)).

Section 2255 is the exclusive remedy. *See United States v. Collazo-Castro*, 660 F.3d 516, 522-23 (1st Cir. 2011) (addressing jurisdiction to revoke supervised release, and comparing *United States v. Brown*, 117 F.3d 471, 475 (11th Cir. 1997) ("Because Brown was in custody within the meaning of § 2255 when he filed his petition in the district court, coram nobis relief was unavailable to him, and § 2255 was his exclusive remedy.")).

[2] When *Castro v. United States*, 540 U.S. 375 (2003) was decided, what is now codified at 28 U.S.C. § 2255(h) was codified at section 2255(8). The restrictions on second or successive motions thus now appear in section 2255(h) and in 28 U.S.C. § 2244, which is referenced in section 2255(h).

Given the relief Petitioner seeks, the characterization of Petitioner's motion as a section 2255 motion is appropriate. In accordance with *Castro*, therefore, the Court advises Petitioner that any subsequent section 2255 motions will be subject to the second or successive restrictions applicable to section 2255 motions. Petitioner may either withdraw or amend his section 2255 motion in accordance with this Order.

## CONCLUSION

The Court (a) advises Petitioner that the Court has construed his pro se filing (ECF No. 158) to be a first Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255; (b) advises Petitioner that if at some point in the future Petitioner files a second or successive section 2255, the recharacterization of this first section 2255 motion will subject him to the restrictions that 28 U.S.C. § 2255 imposes on second or successive collateral challenges; and (c) permits Petitioner until October 23, 2018, either to withdraw or to amend his section 2255 motion if he wishes to do so.

**SO ORDERED.**

## NOTICE

Any objections to this Order shall be filed in accordance with Federal Rule of Civil Procedure 72 and Federal Rule of Criminal Procedure 59.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 2nd day of October, 2018.