UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| FRITZ BLANCHARD, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | 2:14-cr-00009-NT |
| | ) | 2:17-cv-00399-NT |
| UNITED STATES OF AMERICA, | ) | |
| Respondent | ) | |

## RECOMMENDED DECISION ON 28 U.S.C. § 2255 MOTION

In this action, Petitioner moves, pursuant to 28 U.S.C. § 2255, to vacate, set aside or correct his sentence. (Motion, ECF No. 158; Supplemental Motion, ECF No. 163.) Following a jury trial, Petitioner was convicted of aiding and abetting transportation in interstate commerce for prostitution; the Court sentenced Petitioner to 46 months in prison. (Judgment, ECF No. 134; Indictment, ECF No. 7.) The First Circuit upheld the sentence on appeal. *United States v. Blanchard*, 867 F.3d 1 (1st Cir. 2017).

Petitioner asserts that the trial court improperly instructed the jury by including two questions on the verdict form for a single count indictment, which, together with the jury instructions, erroneously allowed the jury to convict Petitioner without finding that he had the requisite knowledge and intent. The Government seeks dismissal of the motion. (Response, ECF No. 166.)

Following a review of the record, and after consideration of Petitioner's motion and the Government's request for dismissal, I recommend the Court grant the Government's request and dismiss Petitioner's motion.[1]

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

In 2013, Petitioner's friend, Samuel Gravely, and Gravely's romantic partner, Alisha Philbrook, agreed that Philbrook would engage in prostitution. *Blanchard*, 867 F.3d at 3 – 4. Gravely testified that Petitioner suggested prostitution as a means of making money. *Id.* All three lived in Presque Isle, Maine. *Id.* at 4.

In March 2013, Gravely, Philbrook, and Petitioner travelled to Bangor and Portland, and Philbrook made money from prostitution during the trips. *Id.* On the evening of March 27 or the morning of March 28, 2013, they traveled to Boston, Massachusetts and were joined by two other women, M.J. and Kaylee Howland. *Id.* Petitioner booked a hotel room in Boston. *Id.* Howland testified that when they were on the streets in a certain area of Boston, Petitioner instructed Howland to watch Philbrook to learn how to be an escort. *Id.* at 4 – 5.

After they returned to the hotel, Howland gathered her belongings and, in tears, told the front desk staff of the hotel that she wanted to return to Maine. *Id.* at 5. The hotel staff put her in a back room and called the police. *Id.* The police took Philbrook and Howland to the police station, along with M.J., who had apparently returned to the hotel room. *Id.* Gravely was permitted to leave, and after Gravely found Blanchard, they returned to

---

[1] In this recommended decision, I refer to Petitioner's initial motion (ECF No. 158) and his supplemental motion (ECF No. 163) collectively as one motion.

Maine. *Id.* Petitioner testified that he wanted to travel to Boston for unrelated reasons, that he only joined the group as a means of transportation, and that he did not intend for anyone to engage in prostitution. *Id.* at 4 – 5 n.2; (*see also* Motion at 11 – 13.)

On January 15, 2014, a grand jury indicted Petitioner on one count of transporting individuals in interstate commerce with the intent that they engage in prostitution, and that he aided and abetted the same, in violation of 18 U.S.C. §§ 2421 and 2. (Indictment, ECF No. 7.) A jury trial was held from August 25, 2014, to August 28, 2014. (Minute Entries, ECF Nos. 89 – 98.) On the final day of trial, the Court instructed the jury, in relevant part:

> Mr. Blanchard is charged with knowing transportation of individuals in interstate commerce with the intent that they engage in prostitution and also aiding and abetting the same.
> . . .
> For you to find Mr. Blanchard guilty of this charge, the Government must prove each of the following things beyond a reasonable doubt: First, that Mr. Blanchard knowingly transported an individual in interstate commerce; and second, that at the time of such transportation Mr. Blanchard intended the individual he transported would engage in prostitution.
> . . .
> In addition to charging that Mr. Blanchard knowingly transported individuals in interstate commerce with the intent that they engage in prostitution, the indictment also charges that Mr. Blanchard aided and abetted in the same. Even though the indictment charges that he both committed the crime and aided and abetted the crime, you need not find that he did both. If you determine that the Government has proven beyond a reasonable doubt that Mr. Blanchard transported individuals in interstate commerce for prostitution and/or that he aided and abetted someone else in transporting individuals in interstate commerce for the purposes of prostitution, you may return a verdict of guilty.
>
> To aid and abet means to intentionally help someone else commit the charged crime. To establish aiding and abetting, the Government must prove the following beyond a reasonable doubt: First, that someone else committed the crime of transportation of individuals in interstate commerce for prostitution; and second, that at the time someone else committed the crime Mr. Blanchard consciously shared the other person's knowledge of that crime, intended to

3

help the other person commit that crime, and took part in the endeavor, seeking to make it succeed. Mr. Blanchard need not actually transport individuals for prostitution himself, be present when they are transported, or be aware of the details of the transportation to be guilty of aiding and abetting. On the other hand, a general suspicion that an unlawful act may occur or that something criminal is happening is not enough. Mere presence at the scene of the crime and knowledge that the crime is being committed are also not sufficient to establish aiding and abetting, but you may consider these among other factors.

(Trial Day 3 Transcript 18:2 – 21:20, ECF No. 145.)

The Verdict Form contained the heading: "COUNT 1: KNOWING TRANSPORTATION OF PERSONS IN INTERSTATE COMMERCE FOR THE PURPOSE OF PROSTITUTION AND/OR AIDING AND ABETTING THE SAME[.]" (ECF No. 101.) Under the heading were two numbered questions for the jury:

1. We, the Jury, find the Defendant, Fritz Blanchard, (Not Guilty / Guilty) of transportation of person(s) in interstate commerce for the purpose of prostitution.

2. We, the Jury, find the Defendant, Fritz Blanchard, (Not Guilty / Guilty) of aiding and abetting the transportation of person(s) in interstate commerce for the purpose of prostitution.

(*Id.*) The Court instructed the jury to answer both questions. (*See* Trial Day 3 Transcript 66:20 – 21.)

During deliberations, the jury sent the Court a note asking, "Do we unanimously need to agree on both questions, or can we be unanimous on one question and not on the other?" (Trial Day 3 Transcript 70:25 – 71:2.) After consideration of the issue, the Court reasoned that because the Government is not required to charge aiding and abetting for the jury to consider whether Defendant was guilty either as a principal or as an aider and abettor, the two separate questions were not required, but the more detailed verdict form

worked to Defendant's benefit. (*Id.* 78:8 – 84:4.) That is, to the extent that the verdict form and instruction to answer both questions constrained the jury to unanimity not only on guilt but also on the particular theory of culpability, the form and instruction could only prejudice the Government, which did not object. (*Id.*)

The jury returned a verdict of guilty; the jury did not enter a finding in the "Not Guilty/Guilty" space in the first option, but wrote "Guilty" in the second option, which result reflected that the jury was not unanimous on the question of Petitioner's guilt as a principal participant, but was unanimous that Petitioner was guilty as an aider and abettor. (Verdict Form, ECF No. 101.) The Court accepted the verdict, and on May 21, 2015, the Court sentenced Petitioner to forty-six months imprisonment. (Judgment, ECF No. 134.) Petitioner appealed from the judgment to the First Circuit Court of Appeals. (Notice of Appeal, ECF No. 136.)

On appeal, Petitioner questioned, among other things, whether the Court properly instructed the jury on the requisite intent. *Blanchard*, 867 F.3d at 12. The First Circuit affirmed the judgment. *Id.* at 13. The panel determined that "the trial court's jury instructions clearly required the jury to find that Blanchard had the requisite intent at the time of the transportation." *Id.* at 12.

On September 25, 2018, Petitioner filed a motion for a writ of error coram nobis, which the Court construed as a § 2255 motion. (Motion, ECF No. 158.) Petitioner filed a supplement to the motion on December 20, 2018. (Supplemental Motion, ECF No. 163.) The Government responded on February 15, 2019. (Response, ECF No. 166.)

## II. DISCUSSION

### A. Legal Standards

A person may move to vacate his or her sentence on one of four different grounds: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "that the court was without jurisdiction" to impose its sentence; (3) "that the sentence was in excess of the maximum authorized by law"; or (4) that the sentence "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a); *see Knight v. United States*, 37 F.3d 769, 772 (1st Cir. 1994).

The burden is on the section 2255 petitioner to establish by a preponderance of the evidence that he or she is entitled to section 2255 relief. *David v. United States*, 134 F.3d 470, 474 (1st Cir. 1998); *United States v. DiCarlo*, 575 F.2d 952, 954 (1st Cir. 1978). When "a petition for federal habeas relief is presented to the judge who presided at the petitioner's trial, the judge is at liberty to employ the knowledge gleaned during previous proceedings and make findings based thereon without convening an additional hearing." *United States v. McGill*, 11 F.3d 223, 225 (1st Cir. 1993).

A collateral challenge is not a substitute for an appeal. *United States v. Frady*, 456 U.S. 152, 165 (1982); *Berthoff v. United States*, 308 F.3d 124, 127 (1st Cir. 2002). "Accordingly, a defendant's failure to raise a claim in a timely manner at trial or on appeal constitutes a procedural default that bars collateral review, unless the defendant can demonstrate cause for the failure and prejudice or actual innocence." *Berthoff*, 308 F.3d at 127-28. Procedural default is an affirmative defense. *Sotirion v. United States*, 617 F.3d 27, 32 (1st Cir. 2010). The First Circuit has recognized that "federal courts have the

6

authority to consider procedural default *sua sponte.*" *Rosenthal v. O'Brien,* 713 F.3d 676, 683 (1st Cir. 2013) (citing *Brewer v. Marshall,* 119 F.3d 993, 999 (1st Cir. 1997)); *see also Daniels v. United States*, 532 U.S. 374, 382-83 (2001) (recognizing that "procedural default rules developed in the habeas corpus context apply in § 2255 cases") (citing *Frady*, 456 U.S. at 167-68).

"[I]ssues disposed of in a prior appeal will not be reviewed again by way of a 28 U.S.C. § 2255 motion." *Singleton v. United States*, 26 F.3d 233, 240 (1st Cir. 1994) (quotation marks omitted); *Elwell v. United States*, 95 F.3d 1146 (1st Cir. 1996 (per curiam) (unpublished) (citing *Davis v. United States*, 417 U.S. 333, 342 (1974)) (holding that a petitioner "is not entitled on collateral review to relitigate issues raised on direct appeal, absent an intervening change in the law").

"Evidentiary hearings on § 2255 petitions are the exception, not the norm, and there is a heavy burden on the petitioner to demonstrate that an evidentiary hearing is warranted. An evidentiary hearing 'is not necessary when a [§] 2255 petition (1) is inadequate on its face, or (2) although facially adequate, is conclusively refuted as to the alleged facts by the files and records of the case.'" *Moreno-Morales v. United States*, 334 F.3d 140, 145 (1st Cir. 2003) (citation omitted) (quoting *DiCarlo*, 575 F.2d at 954 (quotation marks omitted)).

**B. Analysis**

Petitioner cannot reassert his challenge to the Court's jury instructions regarding the requisite mental state for the crime. The propriety of the instructions concerning his mental state was decided on appeal and is therefore precluded on collateral review. *See Singleton*, 26 F.3d at 240. Petitioner may not reframe the issue from one of intent to one of knowledge

7

to avoid the bar because intentional or purposeful conduct includes knowledge of the criminal activity.

To the extent Petitioner challenges jury instructions that the First Circuit did not consider, that challenge fails on the merits. The instruction on the knowledge and intent required for a guilty verdict based on the aiding and abetting the conduct of another was sound. Petitioner's reliance on *Rosemond v. United States*, 572 U.S. 65 (2014), is of no assistance. In *Rosemond*, the Supreme Court considered the requirements of aiding and abetting the crime of using or carrying a firearm in connection with a crime of violence or drug trafficking and determined that the aider and abettor must have the required mental state not only as to the underlying crime of violence or drug trafficking, but also as to the involvement of a firearm. *Id.* at 67. The Supreme Court held that for multi-element crimes the aider and abettor must intend to support at least one element of the crime and must have advanced knowledge of every element. *Id.* at 75 – 81.

The jury instructions in this case were not contrary to or inconsistent with *Rosemond*. The jury was properly instructed that for Petitioner to be guilty based on aiding and abetting, "at the time someone else committed the crime [Petitioner]" must have "shared the other person's knowledge of that crime, [and] intended to help the other person commit that crime." (Trial Day 3 Transcript 21:5 – 8.) The instruction that "[Petitioner] need not actually . . . be aware of the details of the transportation to be guilty of aiding and abetting" (*id*. 21:11 – 14) is not inconsistent with *Rosemond*'s teaching that "for purposes of aiding and abetting law, a person who actively participates in a criminal scheme knowing its extent and character intends that scheme's commission." *Id.* at 77.

Furthermore, the two options on the verdict form were not improper, and Petitioner was not prejudiced by the verdict form. As the Court reasoned at the time, while it was not necessary for the Court to include separate questions/options (one based on guilt as a principal and one based on guilt as an aider and abettor), because two questions/options were presented, the jurors could disagree on the theory of culpability, requiring unanimity on one question or the other, which process could only have worked to the Government's prejudice and not Defendant's prejudice. *See United States v. Garcia*, 400 F.3d 816, 820 (9th Cir. 2005) ("the government had no obligation to elect between charging a substantive offense and charging liability on an aiding and abetting theory, nor was the district court obliged to give a specific unanimity instruction"); *United States v. Ferguson*, 676 F.3d 260, 279 (2d Cir. 2011) ("a jury is unanimous even if some jurors convicted on a theory of principal liability and others on aiding and abetting"); *United States v. VanderZwaag*, 467 F. App'x 402, 408 (6th Cir. 2012) (as between "principal liability and liability for aiding and abetting," "there is no requirement that the jury receive a special verdict form" and "district courts are not required to give a special unanimity instruction") (internal quotations and citations omitted). That is, if the jury could not unanimously agree that the Government had proven either theory beyond a reasonable doubt, the jury could not find Petitioner guilty.

Although it was not necessary for the jury to answer both questions/options, there was little risk of juror confusion. In fact, given that the jury particularly ultimately chose to make a finding only on the second option, the result reflects that the jury understood its

9

options.[2] The use of two options had no greater potential for confusion than if the verdict form had only included one option. As the First Circuit wrote in *United States v. Monteiro*, 871 F.3d 99, 114 (1st Cir. 2017) (footnote omitted):

> It was entirely appropriate for the district court to adopt the pattern jury instruction on aiding and abetting. Nor was there a problem in how it answered the jury's mid-deliberation questions. Even though the government may prove guilt through an aiding and abetting theory . . . the questions for each count on the verdict form asked the jury only whether it found [the Defendant] guilty of the underlying crimes charged in the indictment. The jury's first note understandably asked the court why "aiding and abetting" did not appear on the verdict form, to which the court properly responded that it is an "alternative theory of culpability." When the jury asked the court to clarify "alternative theory of culpability," the court accurately defined the phrase and correctly told the jury that proof of "aiding and abetting" is indeed sufficient to convict a defendant for the underlying criminal charge in the indictment.

In sum, Petitioner has failed to establish that the Court's instructions to the jury or in its verdict form entitled Petitioner to habeas relief. Accordingly, Petitioner's section 2255 motion should be dismissed.

### III. CONCLUSION

Based on the foregoing analysis, an evidentiary hearing is not warranted under Rule 8 of the Rules Governing Section 2255 Cases. In addition, I recommend that the Court deny Petitioner's request for relief and dismiss Petitioner's motion for habeas relief under 28 U.S.C. § 2255. I further recommend that the Court deny a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2255 Cases because there is no

---

[2] Other courts have used verdict forms separating guilt as a principal and guilt as an aider and abettor. *See United States v. Jackson*, 918 F.3d 467, 493 (6th Cir. 2019) ("the jury was instructed on aiding-and-abetting liability and given a verdict form specifically setting forth aiding and abetting as an alternative theory"); *United States v. Haney*, 318 F.3d 1161, 1163 (10th Cir. 2003).

substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 12th day of April 2019.